**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ROSILAND DAVIS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:12CV00425 SWW |
| CHENAL HEIGHTS NURSING and | * | |
| REHAB, ET AL. | * | |
| | * | |
| Defendants | | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Rosiland Davis ("Davis") brought this gender and age discrimination action against two former employers, Chenal Heights Healthcare and Rehab LLC ("Chenal") and Woodland Hills Nursing and Rehab ("Woodland"),[1] and two former supervisors, Sam Adams ("Adams") and Victoria Ray ("Ray"),[2] pursuant to Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, the Age Discrimination in Employment Act, and the Arkansas Civil Rights Act ("ACRA"). The case proceeded to a bench trial on August 15, 2014. The Court now reaffirms and augments findings of fact and conclusions of law stated from the bench in accordance with Rule 52 of the Federal Rules of Civil Procedure.

---

[1] Defendant Woodland Hills Nursing and Rehab is incorrectly named in Plaintiff's pleadings as "Woodlawn Hills Nursing and Rehab." During the bench trial in this case, the parties advised the Court that the correct name of this defendant is Woodland Hills Nursing and Rehab.

[2] In her original, *pro se* complaint, Davis sued Victoria Ray, but her amended complaint, filed by appointed counsel, names defendant "Victoria Adams." Based on the amended pleading, the Clerk's Office terminated Victoria Ray as a defendant and added Victoria Adams. During the bench trial, the parties referred to the separate defendant as Victoria Ray, and the Court shall do the same in this order.

**I.**

Davis is presently fifty-eight years old, and she worked at Chenal from May 19, 2011 through January 28, 2012.  She began her employment in housekeeping, but after approximately two months, Chenal transferred her to the dietary department, where Adams served as her supervisor.  During Davis's employment, Chenal utilized an employee disciplinary system that called for progressively serious levels of discipline, ranging from verbal counseling to termination.   Pursuant to that progressive system, Davis's supervisors took the following actions:

- On August 12, 2011, Davis's supervisor, last name Williams, verbally counseled her for failing to clock out on time.

- On September 27, 2011, Davis's supervisor, Carol Jackson, gave her a written warning for failing to use a food heating tray when taking food to residents' rooms.

- On December 11, 2011, Adams gave Davis a written warning for refusing to work during her assigned shift.

- On January 14, 2012, Adams issued Davis a written warning after she engaged in a loud, angry altercation with a coworker in the foyer of the nursing home. Adams counseled Davis and warned that her employment would be terminated if she engaged in similar misconduct in future.

- Shortly after Adams counseled Davis regarding the January 14, 2012 altercation, he documented that Davis was "offensive and inappropriate" with a co-worker and refused the coworker's request for work-related assistance.  Adams recommended that Davis be terminated, and his recommendation was adopted by Chenal's administrator.

On February 2, 2012, Woodland hired Davis as a cook.  In March 2012, Davis received a verbal disciplinary warning and two written disciplinary warnings from her new employer, and on April 11, 2012, Woodland temporarily suspended Davis's employment.

On April 11, 2012, Davis filed separate discrimination charges with the Equal

Employment Opportunity Commission ("EEOC") against Chenal and Woodland. She charged that Chenal terminated her employment based on her age and gender, and her charge against Woodland stated: "I believe I have been disciplined because my current employer and prior employer are friends."

Davis commenced this lawsuit on July 12, 2012. She alleges that Chenal terminated her employment based on her age and gender, and Woodland took pre-termination disciplinary action against her, including employment suspension, based on her age and gender. Also on July 12, 2012, Davis filed a second EEOC charge against Woodland, charging that it discharged her on July 10, 2012 in retaliation for her April 11, 2012 EEOC charge.

On September 12, 2012, Davis entered a compromise agreement with Woodland, whereby she agreed not to institute a lawsuit against Woodland related to the relation claim she alleged in her July 12, 2012 discrimination charge.

**II.**

The Court first states its findings of fact and conclusions of law as to separate defendants Woodland, Adams, and Ray. At the conclusion of Plaintiff's evidence, Defendants moved for judgment, and the Court granted the motion in part and dismissed Plaintiff's claims against Woodland, Adams, and Ray.

"A motion to dismiss an action at the end of the plaintiff's case in a non-jury trial ... is properly entitled a motion for judgment on partial findings." *Williams v. Mueller,* 13 F.3d 1214, 1215 (8th Cir. 1994). Rule 52(c) of the Federal Rules of Civil Procedure provides in relevant part: "If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party

with respect to a claim ... that cannot under the controlling law be maintained ... without a favorable finding on that issue." Fed. R. Civ. P. 52(c).

Davis failed to allege facts or present any evidence showing that Woodland took pre-termination disciplinary action against her based on her age or gender, which is essential to a *prima facie* case of age or gender discrimination. Davis only clams that Woodland took disciplinary act against her "because . . . the administration . . . [was] friends with administrators at Chenal . . . , and the information about her termination by Chenal . . . was communicated to [Woodland]." Amend. Compl. ¶ 10. Woodland terminated Davis's employment after she commenced this lawsuit, and Davis did not amend her complaint to add a wrongful termination or retaliation claim. In any event, Davis entered a compromise agreement, settling her claim that Woodland terminated her employment in retaliation for filing a discrimination charge. In sum, the Court finds that Woodland is entitled to judgment as a matter of law.

Defendants Adams and Ray are not subject to liability under Title VII, the ADEA, or the ACRA, and they are entitled to judgment as a matter of law. The law is clear that Title VII and the ADEA address the conduct of employers only and do not impose individual liability on supervisors or co-workers. *See Powell v. Yellow Book USA, Inc.* 445 F.3d 1074, 1079 (8th Cir. 2006)(citing *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir.1994)); *see also Lenhardt v. Basic Institute of Technology, Inc.,* 55 F.3d 377, 381 (8th Cir.1995); *Bonomolo-Hagen v. Clay Cent.-Everly Comm. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir.1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir.1997)). As for the ACRA, in the Supreme Court of Arkansas has held that an individual supervisor can be held

personally liable for alleged acts of retaliation prohibited under the Act.[3]  *See  Calaway v. Practice Mgmt. Servs., Inc., No. 10-105,* 2010 Ark. 432, *3–4 (2010).  However, Davis does not charge Adams or Ray with retaliation.

Finally, the Court finds that Chenal is entitled to judgment in its favor.  To establish a *prima facie* case of age or gender discrimination, Davis must show (1) membership in a protected group, (2) that she met the legitimate expectations of her employer, (3) that she suffered adverse employment action, and (4) facts that permit an inference of discrimination. *Id.*  Davis has failed to meet the second *prima-facie* requirement.  She received verbal and written warnings for committing multiple disciplinary infractions during her employment, and she received several opportunities to conform her conduct to Chenal's legitimate expectations before she was finally terminated.  The Court credits Adams's testimony regarding Davis's poor work performance and misconduct and finds that Davis failed to meet the legitimate expectations of her employer.

Even if Davis could make out a *prima facie* case of discrimination, which she has failed to do, she bears the ultimate burden to (1) discredit Chenal's asserted reason for terminating her employment and (2) show that the circumstances permit a reasonable inference that her gender or age was the real reason behind the adverse action.  *See Johnson v. AT & T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005).  The Court finds that Davis has failed to discredit Chenal's assertion

---

[3]The ACRA makes a distinction between individuals subject to liability for employment discrimination under Ark. Code Ann. § 6-123-107(c)(1)(A) and those subject to liability for retaliation under § 16-123-108(a).  Section 16-123-107(c)(1)(A) prohibits discriminatory acts by "employers," but § 6-123-108(a) provides that "no person" shall retaliate against an individual for opposing an act or practice prohibited under the ACRA.

that she was terminated for workplace misconduct and multiple disciplinary violations, and she has failed to show that her age or gender was a motivating factor behind the decision to end her employment.

### III.

Pursuant to the foregoing findings and fact and conclusions of law, judgment shall be entered in Defendants' favor, and all claims against Defendants are DISMISSED WITH PREJUDICE.  It is further ordered that counsel's motion to withdraw (ECF No. 35) is DENIED AS MOOT.

IT IS SO ORDERED THIS 24TH  DAY OF SEPTEMBER, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE